IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAKESHA BOZEMAN,

                Plaintiff,

v.                                                                                     OPINION and ORDER

ELITE MEDIA, LLC, and CHRISTOPHER                           21-cv-345-jdp
CRAWFORD,

                Defendant.

---

    Plaintiff Lakesha Bozeman was a marketing executive for American Family Mutual Insurance Company. Defendant Elite Media, LLC is a marketing company, defendant Christopher Crawford is Elite Media's owner, and American Family is one of Elite Media's clients. Bozeman alleges that defendants falsely accused her of seeking kickbacks and engaging in other inappropriate behavior after she spoke to Crawford about Elite Media's "failures, poor performance, and fabricated invoices." Dkt. 1-1, ¶¶ 19–49. As a result of defendants' conduct, Bozeman says that she was "forced to resign" from American Family. *Id.*, ¶ 50. She asserts claims for defamation, tortious interference with a contract, and intentional infliction of emotional distress.

    Defendants move to dismiss Bozeman's claim for intentional infliction of emotional distress on the ground that she hasn't plausibly alleged that defendants acted "for the purpose of causing emotional distress," Dkt. 8, which is one of the elements of the claim, *see Alsteen v. Gehl*, 21 Wis. 2d 349, 359–60, 124 N.W.2d 312 (1963). A claim for intentional infliction of emotional distress has other elements, *see id.*, but defendants don't challenge the sufficiency of the complaint on those other elements, so the court won't consider them.

Defendants are correct that Bozeman doesn't expressly allege that defendants acted for the purpose of causing her emotional distress, but that isn't required at the pleading stage. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) ("It is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each."). It is enough if the allegations in the complaint raise the plaintiff's right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007).

The question is a close one, but the court concludes that it is reasonable to infer for the purpose of satisfying federal pleading rules that defendants intended to cause Bozeman emotional distress. Bozeman alleges in her complaint that defendants "retaliated against [her] by falsely accusing her of requesting gifts and kickbacks" and that defendants lied about her "for the object and purpose of smearing [her] reputation with her superiors at American Family." Dkt. 1-2, ¶¶ 22–23. Essentially, Bozeman is alleging that defendants were specifically targeting her to get revenge for exposing their own deficiencies. That's enough to infer intent at the pleading stage. *See McKissick v. Schroeder*, 70 Wis. 2d 825, 832, 235 N.W.2d 686, 690 (1975) (intent element in claim for emotional distress can be inferred from the defendant's actions). Of course, at summary judgment or trial, Bozeman will have to come forward with specific evidence of defendants' purpose. *See Rabideau v. City of Racine*, 2001 WI 57, ¶ 36, 243 Wis. 2d 486, 503, 627 N.W.2d 795, 803 (affirming grant of summary judgment to the defendant for plaintiff's failure to adduce evidence of the defendant's intent to cause emotional distress).

Defendants say that the complaint "makes clear that Defendants were acting with the purpose to scapegoat Plaintiff and to salvage and preserve Elite's business relationship with American Family." Dkt. 9, at 5. That may have been one reason for defendants' alleged

2

conduct, but defendants cite no authority for the view that a plaintiff may not bring a claim for intentional infliction of emotional distress unless causing distress to the plaintiff was the defendant's *sole* purpose for acting. Bozeman's allegations support an inference that at least one of defendants' reasons for acting was to cause Bozeman emotional distress, so the court will deny defendants' motion to dismiss.

ORDER

IT IS ORDERED that the motion to dismiss filed by Elite Media, LLC, and Christopher Crawford, Dkt. 8, is DENIED.

Entered October 18, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge